GEORGE STEINSON, PLAINTIFF IN ERROR, v. TRUSTEES OF SCHOOL DISTRICT No. 8, IN THE COUNTY OF HUDSON, DEFENDANTS IN ERROR.

A school teacher having contracted to teach a public school for a stated term at a monthly salary, and having been paid the salary named for every calendar month during the term, afterwards sued for an alleged balance of salary, on the ground that, under section 44 of the School law (*Rev.*, *p.* 1077), he was entitled to a month's salary for every "school month," consisting of "twenty school days, or four weeks of five school days each." *Held*, that if his legal position was well founded, nevertheless he could not recover without proving how many such "school months" there actually were during his service.

---

On error.

The plaintiff was principal of the public school in School District No. 8, in the county of Hudson, from September 1st, 1882, to July 1st, 1886. His service was rendered under several contracts made with the defendants, and always at a stipulated salary per month. The salary so stipulated was paid to the plaintiff for each calendar month during the stated term. In October, 1888, the plaintiff brought this suit for an alleged balance of salary, insisting that, under section 44 of the School law (*Rev.*, *p.* 1077), the contracts must be interpreted to mean that the monthly salary should be paid for every "school month" consisting of "twenty school days, or four weeks of five school days each." On trial in the Hudson Circuit, before Mr. Justice Knapp, without a jury, the

facts above recited being agreed upon as a state of the case, judgment was rendered in favor of the defendants. This judgment having been affirmed on error in the Supreme Court, is now before us.

The statute in question enacts : " In every contract, whether written or verbal, between any school teacher and board of trustees, a school month shall be construed and taken to be twenty school days, or four weeks of five school days each; * * * any contract made in violation of this section shall have no force or effect as against the teacher."

For the plaintiff in error, *James F. Minturn.*

For the defendants in error, *Gilbert Collins.*

The opinion of the court was delivered by

DIXON, J.    The motive for this enactment it is not easy to perceive, but its effect seems to be that for which the plaintiff contends, to make a teacher's contract for a month's service at a monthly salary—a contract for a service of twenty school days, or four weeks of five school days each, and a month's salary for such a service.

Conceding this, however, there is no error in the judgment, for the reason that the state of the case did not show how many " school days," or " weeks of five school days each," the plaintiff had served.    Certainly it could not be assumed that every day in the year (except legal holidays) was a school day, or that there were five school days in every week of the year.    A more rational presumption from the facts appearing would be that the payment of the stipulated salary for every calendar month in the year, accepted by the plaintiff for so long a time without objection, was equivalent to the same monthly salary for every statutory school month.    Vacations amounting to four weeks in each year would render the compensation, reckoned on either basis, the same.

The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, ABBETT, DIXON, GARRISON, LIPPINCOTT, MAGIE, REED, BOGERT, BROWN. 9.

*For reversal*—None.